**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

| | |
|---|---|
| **JEFFREY LEE MCCOTTER,** | |
| Petitioner, | |
| v. | **Civil No.: 1:19-CV-195**<br>JUDGE BAILEY |
| **R. HUDGINS, Warden,** | |
| Respondent. | |

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

On October 21, 2019, the pro se petitioner, Jeffrey McCotter, ("the petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On November 25, 2019, he paid the $5 filing fee.  At the time the petitioner filed his petition, he was incarcerated at FCI Gilmer. Although he has since been transferred to Butner Medium II, which is located in North Carolina, this Court continues to have jurisdiction. The petitioner is challenging the validity of his sentence from the United States District Court for the Eastern District of North Carolina.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

**II. FACTUAL AND PROCEDURAL HISTORY[1]**

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket available on CM/ECF.  See United States v. , No.: 4:09-cr-75-D-1. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d

On January 4, 2010, the petitioner was charged in five counts of a multi-count, multi-defendant second superseding indictment. [Doc. 67]. On May 17, 2010, pursuant to a written plea agreement, the petitioner pleaded guilty to Count 1, which charged a co-defendant and him with Conspiracy to Distribute and Possess With Intent to Distribute More than 5 Kilograms of Cocaine and More than 50 Grams of Cocaine Base from 1999 to March 2009, in violation of 21 U.S.C. § 846.  Pursuant to the Plea Agreement, the government agreed to dismiss Counts 2, 3, 6, and 7 at sentencing, and both parties stipulated that a 3-level downward adjustment for acceptance of responsibility was warranted.  The government also filed a notice of intent to seek enhanced penalties pursuant to 21 U.S.C. §§ 841(B)(1)(A) and 851.  On June 16, 2010, the petitioner filed a motion to withdraw his guilty plea.  The Court denied that motion on August 19, 2010.

A Revised Pre-Sentence Report was prepared on January 31, 2010. The petitioner's Base Offense Level was 36 as established by 2D1.1(c)(1) and Application Note 10(D).  Because a dangerous weapon was possessed, the petitioner was subject to a two level enhancement.  In addition, because he was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, he was subject to an additional four level enhancement. Finally, because the petitioner obstructed or impeded the administration of justice or attempted to obstruct or impede the administration of justice, an additional two levels were added.  Accordingly, his Adjusted Offense Level was 44.  Based on his conviction on November 30, 1998 in Lenoir County Superior Court, Kinston, North Carolina for Flee/Elude Arrest With a Motor

---

1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

Vehicle; his September 5, 2001 for Flee/Elude Arrest With Motor Vehicle and Possession of a Firearm by Felon in Lenoir County Superior Court, Kinston, North Carolina, and his September 5, 2001 conviction for Breaking or Entering in Lenoir County Superior Court, Kinston, North Carolina, the petitioner was deemed a career offender.  However, because the petitioner's Adjusted Offense Level was higher than the  offense level determined by 4B1.1, 37, the higher offense level was utilized. The petitioner's Total Offense Level was 43, because pursuant to Application Note 2 of Section 5A of the guidelines manual, an offense level of more than 43 is to be treated as an offense level of 43. Based on an Offense Level of 43  and Criminal History Category VI, the petitioner's guideline range for imprisonment was life.

On April 4, 2011, at the petitioner's sentencing hearing, the court concluded that his advisory guideline range was 360 months to life, based on a criminal history category of VI and a total offense level of 42[2]. [Doc. 161 at 52].  After considering counsel's arguments, the petitioner's statement, including his perjury, and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced the petitioner to 480 months' imprisonment. [Doc. 154].

The petitioner timely appealed. [Doc. 150]. On October 4, 2011, he filed a consent motion to voluntarily dismiss his appeal. On October 4, 2011, the United States Court of Appeals for the Fourth Circuit granted the petitioner's motion to voluntarily dismiss the appeal. [Doc. 165].

On June 10, 2013, pursuant to the government's Rule 35(b) motion, the court

---

[2] In light of a supplemental statement from probation, the obstruction enhancement of two levels was withdrawn. [Doc. 161 at 50].

reduced the petitioner's imprisonment sentence to 360 months. [See Doc. 295 at 1].[3]

On June 9, 2014, the petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. The petitioner alleged (1) that the court violated his Fifth and Sixth Amendment rights under Alleyne v. United States, 570 U.S. 99 (2013), when, without his admission, it considered his prior felony drug conviction at sentencing and when it found him responsible for over 50 kilograms of cocaine at sentencing; and (2) that his plea agreement limited the quantity of powder cocaine for which the court could hold him responsible was 5 kilograms and the quantity of crack cocaine for which the court could hold him responsible to 50 grams; therefore his sentenced violated the plea agreement. [Doc. 191]. On January 26, 2015, the court dismissed the section 2255 motion and denied a certificate of appealability. [Doc. 219]. The petitioner filed an appeal, and on July 27, 2015, the Circuit Court of Appeals denied the petitioner's motion for a certificate of appealability and dismissed the appeal. [Doc. 227].

On August 6, 2016, the petitioner filed a second Motion to Vacate under 28 U.S.C. § 2255. [Doc. 229]. On August 19, 2015, it was dismissed as successive, and the court denied a certificate of appealability. [Doc. 233].

On June 21, 2016, the Fourth Circuit granted the petitioner authorization for file a second or successive § 2255 motion in light of Johnson v. United States, 576 U.S. 591 (2015) which was held to apply retroactively to cases on collateral review by Welch v. United States, 578 U.S. 120 (2016). [Doc. 251]. Thereafter, the petitioner filed his numerically third Motion to Vacate pursuant to 28 U.S.C. § 2255. [Doc. 252]. On June 22, 2017, following entry of the decision in Beckles v. United States, 137 S.Ct. 886 (2017)

---

[3] The actual motion and order appear to have been filed under seal.

4

the court dismissed the § 2255 finding that the petitioner could not use <u>Johnson</u> to retroactively challenge his advisory guideline range. In addition, the court declined to issue a certificate of appealability. [Doc. 264]. After allowing the petitioner to supplement his §2255 motion, the court reaffirmed its June 22, 2017 order. [Doc. 272]. On October 23, 2018, the Fourth Circuit declined to issue a certificate of appealability. [Doc. 280].

Finally, on March 8, 2019, the petitioner filed a Motion for Reduction of Sentence pursuant to the First Step Act. [Doc. 283]. On June 9, 2021, the court entered an order declining to reduce the petitioner's sentence. As noted in that decision:

> McCotter's May 2010 conviction for conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base (crack) is a covered offense under section 404(a) of the First Step Act because his conviction is an offense whose statutory penalties were modified by the Fair Sentencing Act that was committed before August 3, 2010…. Thus, McCotter is eligible for sentence reduction.
>
> Although McCotter's total offense level dropped from 42 to 40, McCotter's advisory guideline range is unchanged… The Court has completely reviewed the entire record, the parties arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. 3553(a)… As for McCotter's offense conduct, McCotter engaged in prolonged, serious drug dealing between 1998 and 2009. McCotter was an organizer and leader in a drug trafficking conspiracy and distributed extremely large quantities of cocaine and cocaine base (crack) in the Eastern District of North Carolina….McCotter also possessed multiple firearms while trafficking drugs.
>
> McCotter is a violent recidivist with convictions for reckless driving to endanger, failure to heed light or siren, speed to elude arrest, unauthorized use of a motor vehicle, assault inflicting serious injury, flea/elude arrest with a motor vehicle (two counts), assault with a deadly weapon, possession of a firearm by a felon, possession of cocaine, driving while license revoked (nine counts), possess marijuana up to ½ ounce (two counts), breaking or entering, injury to real property, possession of cocaine (two counts), assault on a female (two counts), injury to personal property, assault on a child under 12, simple assault, and communicating threats….McCotter also has performed poorly on supervision. Although McCotter has taken some positive steps while incarcerated on his federal sentence, he has sustained infractions for

>disruptive conduct-high, refusing to work/programming assignments (two infractions), phone abuse-disrupt monitoring, refusing to obey an order, and being absent from assignment. In light of McCotter's serious criminal conduct, abysmal criminal record, poor performance on supervision, misconduct while incarcerated, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to incapacitate McCotter, the Court declines to reduce McCotter's sentence.
>
>In reaching this decision, the Court has considered the entire record, McCotter's arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline range, it still would not reduce McCotter's sentence in light of the entire record and the section 3553(a) factors.

[Doc. 315 at 5-6]. (Internal citations and quotations omitted).

On June 11, 2021, the petitioner filed a Notice of Appeal. [Doc. 317]. As of the date of this Report and Recommendation, the same remains pending.

### III. Petitioner's Claims

The petitioner maintains that he is now factually innocent of being a career offender. In support of that allegation, the petitioner maintains that the predicate offenses are not violent felonies. In support of his allegation, the petitioner relies on the decisions in Descamps v. United States, 570 U.S. 254 (2013) and Sessions v. Dimaya, 138 S.Ct. 1204 (2018).

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

6

Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, the petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

7

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir.

2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

## IV. ANALYSIS

Although the petitioner raises the savings clause, he is not entitled to its application. First, it is abundantly clear that the petitioner was not sentenced as a career offender.[4] Furthermore, in evaluating the petitioner's request for resentencing under the Fair Sentencing Act, the sentencing court recognized that he no longer qualifies as a career offender because his convictions on November 20, 1998 and October 31, 1999, each for Flee/Elude Arrest With a Motor Vehicle are not crimes of violence pursuant to U.S. v. Barlow, 811 F.3d 133 (4th Cir. 2015), and the September 5, 2001 conviction for Breaking and/or Entering is not a crime of violence because burglary has been removed from the list of enumerated offenses in USSG § 4B1.2(a)(2). Moreover, as noted by the Probation Department on March 18, 2021, with respect to Retroactive Application for Fair

---

[4] As previously noted, although the petitioner was classified as a career offender at his original sentencing, that classification had no bearing on his guideline range. The base offense level for a career offender is 37, but the petitioner's Adjusted Offense Level was 42, as determined by the sentencing judge, and the higher offense level was used. Therefore, the petitioner's sentence was not increased by virtue of a career offender enhancement.

Sentencing Act, the conviction on November 1, 2017 for Possession of Cocaine is not a felony pursuant to U.S. v. Simmons, 649 F.3d 237 (4th Cir. 2011), and is therefore no longer a valid predicate for 21 U.S.C. § 851 enhancement. Upon his conviction, the petitioner's Total Offense level 42, his Criminal History Category was VI, and sentencing range was 360 months to life. Under the Fair Sentencing Act, the petitioner's new Total Offense Level is 40, his Criminal History Category is VI, and his sentencing range remains at 360 months to life.

Finally, even if the petitioner's sentence was based on the guidelines applicable to career offenders, he still would not be entitled to relief.[5] Because the petitioner is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if the petitioner met the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy,

---

[5] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. "The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forceable sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c). U.S.S.G. § 4B1.2(a). "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2.(b).

909 F.3d 708, 715 (4th Cir. 2018).  In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory.  Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715 ("Foote[6] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision."  Id.  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so."  Id.  In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner

---

[6] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.  Foote, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).  The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  Id. at 940, 944.  See also, Braswell v. Smith, 952 F.3d 441, 450  (2020) (A fundamental defect or complete miscarriage of justice, sufficient for a petitioner to be permitted to file a habeas petition under of statute governing motions to vacate, set aside, or correct a sentence, has not occurred where the petitioner was sentenced as a career offender under an advisory Guidelines scheme.

can't successfully challenge his sentence under that provision." Id. at 716. Because the petitioner was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because the petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, and he fails to state any other ground for relief, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: October 27, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE