# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Clarksburg

**JEFFREY LEE McCOTTER,**

      Petitioner,

      v.                                **CIVIL ACTION NO. 1:19-CV-195**
                                              Judge Bailey

**R. HUDGINS,** Warden**,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 13]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on October 27, 2021, wherein he recommends the petition [Doc. 1] be denied and dismissed without prejudice because the petitioner is unable to meet the § 2255 savings clause. This Court entered an Order [Doc. 16] adopting the R&R after the period for objections expired; however, on the same day that order was entered, petitioner filed a Motion for an Extension [Doc. 18], which included his objections to the R&R. This Court vacated its previous Order and construed the filing as petitioner's objections. [Doc. 19].

## I.  BACKGROUND

Petitioner, an inmate incarcerated at Butner Medium II, in Butner, North Carolina, challenges his sentence for conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base, in violation of

1

21 U.S.C. § 846.  In his petition, petitioner argues that he was incorrectly sentenced as a career offender, contending that the predicate offenses are not violent felonies.

In the R&R, the magistrate judge noted that the petitioner has previously been re-sentenced; at that time, the sentencing court recognized that petitioner no longer qualified as a career offender.  Nonetheless, under the Fair Sentencing Act, petitioner's new Total Offense Level was 40 and his Criminal History Category VI, resulting in his sentencing range remaining at 360 months to life.  Further, the magistrate judge found that "even if petitioner's sentence was based on the guidelines applicable to career offenders, he still would not be entitled to relief." [Doc. 13 at 10].  This is because petitioner is unable to meet the fourth prong of *Wheeler*, which requires a showing that due to a retroactive change in the law, petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and

2

the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure.  When no objections were timely filed, this Court entered an Order adopting the R&R without objection. [Doc. 16].  However, on the same day that Order was entered, the Court received petitioner's Motion [Doc. 18], which asked for an extension of time and set forth objections to the R&R.  This Court construed the filing as objections to the R&R and determined to consider the objections as if they were timely filed. [Doc. 19].  Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention.  However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention.  28 U.S.C. § 2255; *see also* **United States v. Poole**, 531 F.3d 263, 270 (4th Cir.

2008).  The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention.  *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).  In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).  The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges.  It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See *Wheeler*, 886 F.3d at 423–26.

Here, the magistrate judge found that petitioner was not entitled to the application of the savings clause.  First, the magistrate judge noted that when petitioner was resentenced, he was not sentenced as a career offender, but that nonetheless his sentencing range remained 360 months to life.  Further, the magistrate judge found that even if petitioner's sentence was based on the guidelines applicable to career offenders, petitioner is still unable to meet all four prongs of *Wheeler*: "[i]n this case, even if the petitioner met the first, second, and third prongs of *Wheeler*, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect."  [Doc. 13 at 10], citation omitted.  Accordingly, the magistrate judge found that the petition should be denied and dismissed without prejudice.

In his objections, petitioner objects that although he "plead (sic) guilty to 198.445 grams of cocaine base . . . the court raised the amount to 12,255.15 grams through co-defendant's statements."  [Doc. 20 at 2].  He contends this was unconstitutional.  Further, he argues that most of the co-defendants that testified against him were drug addicts facing long terms of imprisonment, and thus that their testimony was unreliable.  [Id. at 3].  Neither

of these objections points to any error in the magistrate judge's finding that the petitioner is unable to meet the fourth prong of *Wheeler* and is therefore not entitled to the application of the savings clause. Accordingly, the objections are overruled.

## IV.  CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 13]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petition **[Doc. 1]** is **DENIED AND DISMISSED WITHOUT PREJUDICE**. The objections to the R&R **[Docs. 18, 20]** are hereby **OVERRULED**. The Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED:** November 29, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE